# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| LILLIAN SANTIAGO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 13-2114 |
| CITYWIDE COMMUNITY COUNSELING, SERVICES, INC., | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                   **AUGUST      , 2013**

      Presently before this Court is Defendant, Citywide Community Counseling Services, Inc.'s, Motion to Dismiss for Failure to State a Claim, and Plaintiff, Lillian Santiago's, Response in Opposition. For the reasons set forth below, Defendant's Motion is denied.

## I.     BACKGROUND

      Plaintiff, Lillian Santiago ("Plaintiff"), is an adult female that resides in Philadelphia, Pennsylvania. (Compl. ¶ 1.) Defendant, Citywide Community Counseling Services, Inc. ("Defendant"), is a Pennsylvania corporation with a place of business located at 537-539 East Allegheny Avenue in Philadelphia, Pennsylvania. (Id. ¶ 2.) Defendant employs more than fifty employees. (Id.) Plaintiff worked as a Building Manager for Defendant from on or about March 8, 2007, until her termination by Defendant on June 14, 2012. (Id. ¶¶ 4-5.)

      In approximately June of 2011, Plaintiff recommended that Defendant hire Nilsa Lopez ("Lopez"), a friend of Plaintiff's daughter, for an internship position. (Id. ¶ 2.) Several months after Defendant hired Lopez for the internship, Lopez met with Plaintiff and complained of

being sexually harassed by a male therapist (the "therapist") employed by Defendant. (Id. ¶ 9.) Plaintiff advised Lopez to file a formal complaint with the management of Defendant. (Id.) In an effort to help Lopez, Plaintiff called her supervisor, Anna Jimenez ("Jimenez"), the clinical director for Defendant, and informed her that Lopez had a complaint to make regarding the inappropriate sexual advances of the therapist. (Id. ¶ 10.) During this conversation, Plaintiff recounted the full details of Lopez's claim. (Id.)

On the evening after Lopez filed the complaint, the owner of Defendant, Modesta Molena ("Molena"), called Plaintiff on the phone and told her that she did not want the complaint to "get out" because it "could hurt the clinic." (Id. ¶ 11.) Immediately following the filing of the complaint, Lopez was hired as a full time clerk. (Id. ¶ 12.) However, Lopez was terminated shortly thereafter due to purported attendance issues. (Id.) Subsequent to her termination, Lopez filed a lawsuit against Defendant claiming sexual harassment and retaliatory discharge. (Id. ¶ 13.) After Defendant became aware of Lopez's lawsuit, Molena repeatedly complained to Plaintiff and blamed Plaintiff for the lawsuit. (Id.)

During Plaintiff's employment with Defendant, she utilized Family and Medical Leave Act ("FMLA") leave on two occasions. From May 3, 2012, until May 6, 2012, Plaintiff was absent from work in order to care for her pregnant daughter. (Id. ¶ 25; Pl.'s Resp. in Opp'n at 1.) From May 8, 2012, through May 20, 2012, Plaintiff missed work to care for her husband, who was hospitalized and underwent surgery related to testicular cancer. (Id.; Pl.'s Resp. in Opp'n at 1.) Regarding these absences, Plaintiff asserts that she provided notice to Defendant of her need for FMLA leave as soon as was practicable. (Id. ¶ 29.)

Upon Plaintiff's return from FMLA leave on May 21, 2012, Plaintiff alleges that she was

treated with hostility by employees of Defendant. (Id. ¶¶ 14, 26.) Specifically, Plaintiff avers that she was approached by Jimenez, Molena and Molena's Executive Assistant, Lizzette Perez, and asked if she would take a voluntary demotion to work part-time. (Id.) Plaintiff refused to accept the demotion. (Id.) During this conversation, Molena again complained to Plaintiff about the lawsuit filed by Lopez asserting that Lopez was wasting her time going to court and that the lawsuit was filed solely for financial gain. (Id. ¶ 14.) Plaintiff replied that she had nothing to do with Lopez's lawsuit. (Id.)

On June 14, 2012, Defendant terminated Plaintiff's employment. (Id. ¶¶ 5, 15.) Plaintiff asserts that Defendant's reason for terminating her employment was that she was being "laid off" for "financial reasons." (Id. ¶ 15.) Plaintiff believes that her termination was related in substantial part to her involvement in the sexual harassment complaint filed by Lopez against Defendant and Plaintiff's use of FMLA protected leave. (Id. ¶ 7.)

On April 19, 2013, Plaintiff filed suit against Defendant. (See Compl.) Specifically, Plaintiff alleges Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the FMLA, 29 U.S.C. § 2601, *et seq*. (Id.)

## II.  STANDARD OF LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable

inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleadings requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of Phila., 415 Fed. App'x 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a

reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010).

## III.    DISCUSSION

Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In consideration of the early stage in the proceedings and Plaintiff's allegations as set forth in the Complaint being accepted as true for the purposes of this Motion, we deny Defendant's Motion to Dismiss for the following reasons.

*Plaintiff's Title VII Claim*

Defendant argues that the Complaint is insufficient to support Plaintiff's Title VII claims. In order to establish a prima facie case of unlawful retaliation under Title VII, Plaintiff is required to show that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and, (3) there was a causal connection between her participation in the protected activity and the adverse employment action. See Titus Morris v. Banc of America Credit Card Servicing Corp., 512 Fed. App'x 213, 218 (3d Cir. 2013). However, at the motion to dismiss stage, Plaintiff need not demonstrate a prima facie case of

discrimination. See Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (complaint is only required to set forth "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element"); Israel v. Insight Pipe Contracting, LP, No. 12-1247, 2013 WL 2318852, at *4 (E.D. Pa. May 28, 2013); Nardella v. Phila. Gas Works, No. 09-5629, 2012 WL 1150127, at *4 (E.D. Pa. Apr. 5, 2012) (stating that McDonnell Douglas' requirement of prima facie case is an evidentiary standard and not a pleading standard). Instead, in order to prevent dismissal, the complaint must contain "sufficient factual matter" to show that the claim is facially plausible, which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949-50; Twombly, 550 U.S. at 555. Initially in Wilkerson and later in Fowler, the Third Circuit utilized the Supreme Court's "plausibility paradigm" to determine the sufficiency of the complaint. See Twombly, 550 U.S. at 556; Fowler, 578 F.3d at 212; Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008). In each case, the complaint was found to be sufficient and survived a motion to dismiss where plaintiff pleaded how, when and where the alleged discrimination occurred as these averments provided defendant(s) with notice of the basis for plaintiff's claims. Fowler, 578 F.3d at 212; Wilkerson, 522 F.3d at 322.

In this case, the Complaint avers the following factual allegations. Plaintiff engaged in an activity protected by Title VII when she provided assistance to Lopez in the filing of the sexual harassment claim in 2011. (See Compl. ¶¶ 9, 10.) After Lopez filed the complaint, Molena, the owner of Defendant, expressed concern to Plaintiff that it "could hurt the clinic" and, therefore, it should not "get out." (Id. ¶ 11.) Subsequent to Lopez's termination and the filing of lawsuit against Defendant, Molena repeatedly complained to Plaintiff and blamed her for the lawsuit.

6

(Id. ¶ 13.) On May 21, 2012, Plaintiff was approached by Jimenez and Molena, both of whom had first hand knowledge of Plaintiff's role in Lopez's complaint, and asked if she would take a voluntary demotion to work part-time. (Id. ¶¶ 14, 26.) Plaintiff refused to accept the demotion. (Id.) During this conversation, Molena again complained to Plaintiff about the lawsuit filed by Lopez asserting that Lopez was wasting her time going to court and that the lawsuit was filed solely for financial gain. (Id. ¶ 14.) From this date until her termination, Plaintiff alleges that she was treated with hostility by employees of Defendant. (Id. ¶ 26.) On June 14, 2012, Defendant terminated Plaintiff's employment. (Id. ¶¶ 5, 15.) Throughout the Complaint, Plaintiff consistently cites to Title VII and specifically sets forth that "Defendant's actions violated Title VII because plaintiff was terminated in retaliation for assisting an employee to report an incident of sexual harassment and for her connections to the person complaining about sexual harassment." (Id. ¶ 17.) These facts, as provided in the Complaint, sufficiently fill in the "how, when and where" underlying Plaintiff's claims, thus, adequately providing notice to Defendant. Fowler, 578 F.3d at 212; Wilkerson, 522 F.3d at 322.

In light of the aforementioned legal precedent, we find that these facts, as relayed by Plaintiff in the Complaint, permit the Court to draw a reasonable inference that Defendant could possibly be held liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949-50. Therefore, Plaintiff's claim is facially plausible. Id. In other words, Plaintiff has set forth "more than labels and conclusions," and has "nudged" her claim against Defendant "across the line from conceivable to plausible." See Fowler, 578 F.3d at 212 (citing Twombly, 550 U.S. 564).

Accordingly, Defendant's Motion to Dismiss Plaintiff's Title VII claim is denied.[1]

*Plaintiff's FMLA Claims*

Plaintiff alleges that Defendant unlawfully interfered with her FMLA rights by pressuring her to take a demotion and terminating her employment as a consequence of her taking FMLA qualifying leave. The purpose of the FMLA is "to balance the demands of the workplace with the needs of families." 29 U.S.C. § 2601(b)(1). The FMLA entitles eligible employees to "take reasonable leave for medical reasons . . . and for the care of a child, spouse, or parent who has a serious medical condition." 29 U.S.C. § 2601(b)(2). An employee is eligible for FMLA leave if: (1) she has been employed by the employer for more than twelve months, (2) her employment was for at least 1,250 hours prior to taking FMLA leave, and (3) she is employed at a work site with fifty or more employees whom are employed within 75 miles of the site. 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a). In order to establish a prima facie case of retaliation under the FMLA, a plaintiff must show that: (1) she took FMLA leave, (2) she suffered an adverse employment action, and (3) the adverse action was causally related to the leave. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004).

Defendant's motion to dismiss Plaintiff's FMLA claim is predicated on attacking the adequacy of the complaint. Specifically, Defendant argues the following: that "there is no allegation in the complaint" that Plaintiff gave Defendant notice of her intent to take FMLA leave; Plaintiff failed to give thirty days advance notice before taking FMLA leave to care for her

---

[1] In reaching this conclusion, we note the inadequacy of Defendant's Motion to Dismiss on this claim. See Fed. R. Civ. P. 12(b)(6) (Defendant bears burden to demonstrate that Plaintiff has failed to set forth a claim upon which relief may be granted). Defendant cites to only one case, but neglects to engage in any legal analysis or apply the case's holding in any way to the facts of this case.

pregnant daughter; the provisions of the FMLA do not extend to the birth of grandchild; and, Plaintiff did not comply with Defendant's FMLA leave policy. (Def.'s Mot. to Dismiss at 4.)

We find these arguments to be unpersuasive. Plaintiff asserts clearly within the Complaint that she gave Defendant proper notice of her intent to take FMLA leave. (Compl. ¶ 29.) In addition, while the FMLA may not apply to the birth of a grandchild, it is applicable to the "care of a child . . . who has a serious medical condition." 29 U.S.C. § 2601(b)(2). Finally, Defendant relies upon a corporate FMLA leave policy without including the policy or expounding on its requirements in anyway. Thus, it is impossible for this Court to properly consider this argument. In a motion to dismiss, Defendant bears the burden of demonstrating the inadequacy of a complaint, and, in this case, Defendant has not carried this burden. See Fed. R. Civ. P. 12(b)(6).

On the contrary, we find that Plaintiff has adequately set forth facts supporting a claim for relief under the FMLA. We reach this conclusion based on the following assertions set forth in the Complaint: Plaintiff was eligible for FMLA leave; Plaintiff provided adequate notice to Defendant of her intent to take FMLA leave; Plaintiff took qualifying FMLA leave; Plaintiff was treated with hostility upon her return and was asked to take a demotion; and, Defendant fired Plaintiff twenty four days after her return from FMLA leave. (Compl. ¶¶ 24, 25, 26, 29, 31.) In light of these allegations, we are able to draw a reasonable inference that Defendant may be culpable for violations of Plaintiff's FMLA rights. See Iqbal, 129 S.Ct. at 1949-50.

## IV. CONCLUSION

Viewing Plaintiff's claims under the liberal pleading standards applied at the motion to dismiss stage, we find Plaintiff has set forth sufficient facts to draw a reasonable inference that Defendant may have committed the alleged violations. See Philllips, 515 F.3d at 233 (citing Twombly, 550 U.S. at 270); see also Vratoric v. Stowe Twp., No. 09-600, 2010 WL 4737826, at *8 (W.D. Pa. Nov. 16, 2010); Logue v. West Penn Multi-List, Inc., No. 10-451, 2010 WL 2720787, at *2 (W.D. Pa. July 8, 2010). At this early stage in the proceedings, we deem it premature to dismiss Plaintiff's claims based on the arguments presented in Defendant's Motion to Dismiss. Rather, we believe this litigation will greatly benefit from proceeding with discovery. Consequently, Defendant's Motion to Dismiss is denied.

An appropriate Order follows.